UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:26-cv-01415 KK (ADS)                    Date:  March 31, 2026
Title:  *Cong Yin v. Markwayne Mullin, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|                Kristee Hopkins                |                None Reported                |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Petitioner(s):          Attorney(s) Present for Respondent(s):
            None Present                                    None Present

**Proceedings:        (IN CHAMBERS) ORDER TO SHOW CAUSE RE: MOOTNESS**

On March 24, 2026, Petitioner Cong Yin, by and through counsel, filed a Petition for Habeas Corpus (the "Petition") and an Emergency Motion for Temporary (the "Motion"). (Dkt. Nos. 1, 3.)  The Petition seeks release or, alternatively, a bond hearing. (Dkt. No. 1 at 9.)  On March 30, 2026, the Court granted the Motion.  (Dkt. No. 8.) Among other relief, the Court ordered Respondents to immediately release Petitioner subject to the same conditions as his previous Order of Release on Recognizance ("OREC").  (Id.)  On March 31, 2026, Respondents filed a Status Report stating Petitioner was released from detention subject to the same conditions as his previous OREC.  (Dkt. No. 9.)

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987); see also NASD Disp. Resol., Inc. v. Jud. Council, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding appeal to be moot when the plaintiffs had already been granted the relief they sought).  Courts have an obligation to consider mootness sua sponte and should deny requested relief where it is superfluous.  In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005).  The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Nw. Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:26-cv-01415 KK (ADS)                    Date:  March 31, 2026

Title:  *Cong Yin v. Markwayne Mullin, et al.*

      Here, Petitioner has been released from detention.  The Court orders Petitioner to show cause in writing why the Petition should not be dismissed as moot by no later than April 30, 2026.  Petitioner must substantively specify what claims, if any, remain pending, the relief sought, and the factual and legal basis for each claim.  Respondents must provide their position on mootness and substantively respond to the claims Petitioner contends remain by no later than May 14, 2026.  Petitioner may file a reply by no later than May 21, 2026.

      **IT IS SO ORDERED.**

Initials of Clerk <u>kh</u>

---